## Commonwealth v. Platt and Royer.

*Liquor laws—Nuisance—Injunction—Act of March 27, 1923,*

The Act of March 27, 1923, P. L. 34, provides for the abatement of a liquor nuisance by injunction when it is shown that such nuisance "exists," and while it is not necessary for the court to find that the property is being unlawfully used at the time of the hearing, it must find the material allegations in the petition true and that it was so used at or about the time when the bill was filed. Where there was no evidence of such use for more than five months before the hearing, the bill should be dismissed.

Bill for injunction to abate liquor nuisance. C. P. Lancaster Co., Equity Docket No. 7, page 195.

*Joseph B. Wissler* and *Wilhelm F. Knauer*, for plaintiff.

*Charles W. Eaby* and *H. Edgar Shertz*, for defendants.

HASSLER, J., July 3, 1926.—From the bill, answer and testimony we find the following facts:

1. On Dec. 23, 1925, the Commonwealth of Pennsylvania filed this bill in equity, in which it alleges that "a public and common nuisance, as defined by section 6 of the Act of March 27, 1923, P. L. 34, *is now existing* upon certain premises in the Township of Fulton," this county. . This is not a fact, as there was no evidence to show the existence of such a nuisance after July 10, 1925.

2. The plaintiff also alleges that it is informed and believes that Earl Platt, one of the defendants, is the proprietor of the business conducted on said premises, and that Martin Royer, the other defendant, is the owner of them, and that the said defendants have maintained such public and common nuisance on said premises. We find this is not a fact. The testimony showed that Earl Platt did not conduct the business complained of after Sept. 16, 1925. There was no testimony to show that Martin Royer, the owner of the premises, had anything to do with the business.

3. The nuisance complained of is that the defendants habitually and continually unlawfully manufactured, sold, offered for sale, bartered, furnished and possessed on said premises intoxicating liquor fit for beverage purposes, and containing one-half of 1 per cent. or more of alcohol by volume, which constituted a common nuisance as defined in section 6 of said act of assembly. It was not shown by any testimony that Martin Royer had any knowledge of, or took any part in, the manufacture, sale, furnishing or possessing of any

Commonwealth v. Platt and Royer.

liquor on said premises, the testimony showing that Earl Platt, one of the defendants, possessed and sold intoxicating liquor on the premises, but not after July 10, 1925.

4. On July 9 and 10, 1925, Henry Stone and Patrick Manley, two members of the State police, purchased whiskey and beer at the premises that were then in possession of Earl Platt. They bought it from a woman who was attending to the business. Other people who were in the room on the second occasion were drinking whiskey. There is no proof that after July 10, 1925, any intoxicating liquor was on the premises or sold or manufactured or disposed of in any way. Earl Platt was convicted of the offence of possessing and selling intoxicating liquor on the premises in question on Sept. 16, 1925, and sent to jail for a period of six months. It was not shown that he has been on the premises since that time, nor that he had possession of them since then.

There has been no liquor sold on the premises since they were vacated by Earl Platt, and since that time the place has been conducted properly, or is well kept, as the witnesses described it. Martin Royer denied that he had any knowledge that liquor was sold there or that it was on the premises at any time, and we find this is a fact.

### Conclusions of law.

Section 6 of the Act of March 27, 1923, P. L. 34, declares that any room, house, building, etc., where intoxicating liquor is manufactured, sold or offered for sale, bartered or possessed in violation of the said act is declared a common nuisance. Liquor manufactured, possessed or sold containing more than one-half of 1 per cent. of alcohol is in violation of the said act of assembly. Section 7 provides that action to enjoin any nuisance defined in the act may be brought in any court having jurisdiction. If it is made to appear to the satisfaction of the court that such nuisance exists, a temporary injunction shall be issued, and, upon final hearing, the court can order such nuisance abated, and, on proper cause shown, order that the room, house, building, etc., shall not be occupied or used for one year thereafter. It also provides that it is not necessary for the court to find that the property involved is being unlawfully used at the time of the hearing, but it is sufficient if it finds the material allegations in the petition are true.

The difficulty in this case is that the court is unable to find from the testimony that the allegation that a nuisance, as defined in the Act of 1923, existed on the premises at the time, or near the time, when the petition was filed is true. The act only authorizes courts to issue an injunction where such a nuisance exists, and not where it existed some months before filing the bill in equity. The testimony does not show that there was any violation of the Act of 1923 after July 10th of that year, nearly five months before the date of filing the petition. The violation at that time was done by Earl Platt, who was not on the premises after Sept. 16th of that year, or three months before the time of the filing of the bill. The testimony, therefore, does not show that the nuisance as defined by the act was existing on the premises at the time the bill was filed, as it is alleged in it. We, therefore, do not think that the material allegations of the petition are true, and dismiss the bill, at the costs of the plaintiff.

We do not think there is any merit in any of the exceptions filed to our findings and conclusions in this case. We, therefore, dismiss them and order and decree that the bill of the plaintiff be dismissed, at its costs.

From George Ross Eshleman, Lancaster, Pa.